UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LEANDRO AVILA SAEL,                       )<br>                    Plaintiff,         )<br>                                           )<br>-v-                                        )<br>                                           )<br>KRISTI NOEM, *et al.*,                    )<br>                    Defendants.       )<br>                                           ) | No. 1:25-cv-1523<br><br>Honorable Paul L. Maloney |

### ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

Leandro Avila Sael, through counsel, filed a petition for writ of habeas corpus relying on 28 U.S.C. § 2241. Petitioner also filed a motion for a temporary restraining order (ECF No. 2).

The petition raises issues similar to dozens of other petitions filed in this district and around the country. Petitioner did not receive permission when he entered our country in 2000. He contends that Immigration and Customs Enforcement recently arrested him on November 3 in Chicago and he has been lodged at the North Lake Correctional Facility in this district in Michigan. Petitioner further contends that an Immigration Judge refused to hold a bond hearing on November 19 and issued a written order indicating a lack of jurisdiction based on the BIA decision in *Hurtado* (ECF No. 1-3 PageID.16). In the motion for a temporary restraining order, Petitioner seeks immediate release from detention or a hearing within 48 hours.

Decisions regarding a temporary restraining order fall within the discretion of a district court. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). Under

Rule 65, a court may issue a temporary restraining order, without notice to the adverse party, only if two conditions are met. Fed. R. Civ. P. 65(b)(1). First, the moving party must establish specific facts through an affidavit or a verified complaint showing that an immediate and irreparable injury will result to the moving party before the adverse party can be heard in opposition to the motion. Fed. R. Civ. P. 65(b)(1)(A). Second, the counsel for the moving party must certify in writing any efforts made to give notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1)(B). In addition, the court must consider each of four factors: (1) whether the moving party demonstrates a strong likelihood of success on the merits; (2) whether the moving party would suffer irreparable injury without the order; (3) whether the order would cause substantial harm to others; and (4) whether the public interest would be served by the order. *Ohio Republican Party*, 543 F.3d at 361.

The court finds that Petitioner has not met the procedural requirements for a temporary restraining order. Petitioner did not file a verified petition. Petitioner has not supported the motion for emergency relief with a declaration or affidavit. The court notes that 28 U.S.C. § 2242 also requires that the application for writ of habeas corpus must be signed and verified. The court further notes that 28 U.S.C. § 2243 imposes rather short time requirements to expedite the process which undermines the need to resort to Rule 65 for emergency relief.

Accordingly, the court **DENIES** Petitioner's motion for a temporary restraining order (ECF No. 2). **IT IS SO ORDERED.**

Date:   November 21, 2025                                          /s/ Paul L. Maloney
                                                                                                           Paul L. Maloney
                                                                                           United States District Judge